DAUKSCH, J.,
dissents.
I do not deem the evidence against appellant to be “overwhelming” and thus am of the opinion the prosecutor’s improper statement and the judge’s inadequate remedy require a new trial. This is especially true as concerns the attempted murder charge.
Additionally, I do not agree that the appointment of a single “expert” to examine appellant and testify regarding his competency comports with statutory and procedural rule obligations.
(b) Motion for Examination. If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant’s mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and shall order the defendant to he examined by no more than 3, nor fewer than 2, experts prior to the date of the hearing. Attorneys for the state and the defendant may be present at the examination.
Fla. R.Crim. P. 3.210(b).
(1) The court may appoint no more than three nor fewer than two experts to determine issues of the mental condition of a defendant in a criminal case, including the issues of competency to stand trial, insanity, and involuntary hospitalization or placement. The panel of experts may evaluate the defendant in jail or in another appropriate local facility.
§ 916.11(1), Fla. Stat. (1997).
Finally, because defense counsel did not preserve the record regarding the trial judge’s delimiting of questions about absent witnesses, no relief can be given. Had appellant preserved that error, another result might obtain on that ground.
In sum, I would reverse and require a new, fair, trial.